07-5570-ag
Zhou v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of August, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge*,
> JON O. NEWMAN,
> PIERRE N. LEVAL,
> > *Circuit Judges*.

─────────────────────────────────

| | |
|---|---|
| HOU YONG ZHOU v. HOLDER,[1]<br>A077 766 626 | 07-5570-ag |

─────────────────────────────────

| | |
|---|---|
| ZHONG QUAN YANG v. HOLDER,<br>A073 575 827 | 07-5753-ag |

─────────────────────────────────

| | |
|---|---|
| XIU LAN HUANG v. HOLDER,<br>A076 790 115 | 08-0982-ag |

─────────────────────────────────

| | |
|---|---|
| REN CHI HER v. HOLDER,<br>A072 182 628 | 08-3635-ag |

─────────────────────────

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted as respondent in these cases.

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that these petitions for review are DENIED.

Each of these petitions challenges an order of the BIA denying a motion to reopen, or affirming an Immigration Judge's ("IJ") denial of a motion to reopen, based on either the movant's failure to demonstrate changed country conditions sufficient to avoid the time and numerical limits applicable to such motions or the movant's failure to demonstrate *prima facie* eligibility for the underlying relief sought. *See* 8 C.F.R. § 1003.23(b). Under the circumstances of these cases, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standard of review is well-established. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

The motions to reopen at issue in these petitions were each based primarily on the birth of one or more children to the Chinese citizen petitioners. For largely the same reasons this Court set forth in *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008), we find no error in the agency's

decisions. *See id.* at 168-72. Any argument that the petitioners are eligible to file a successive asylum application based on changed personal circumstances is foreclosed by our decision in *Yuen Jin v. Mukasey*, 538 F.3d 143, 156, 158-59 (2d Cir. 2008).[2]

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2]The petitioner in *Hou Yong Zhou v. Holder*, 07-5570-ag, rather than alleging a change in his personal circumstances, argues that he demonstrated material changed country conditions with respect to the Chinese government's treatment of Christians. However, the BIA did not err in holding that, according to the background evidence in the record, the government's treatment of Christians has remained constant.